IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nationwide Property and Casualty Insurance Company, | ) ) ) C.A. No. 3:08-430-CMC-JRM |
| Plaintiff, | ) ) ) **OPINION and ORDER** |
| v. | ) ) |
| Mark Peters, Wendy Peters, M&S Construction Company, LLC, and Luthi Mortgage Company, Inc., | ) ) ) ) ) |
| Defendants. | ) ) |
| Luthi Mortgage Company, Inc., | ) ) |
| Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| Great American Assurance Company, Inc., | ) ) |
| Third-Party Defendant. | ) ) |
| Luthi Mortgage Company, Inc., | ) ) |
| Counter Claimant, | ) ) |
| v. | ) ) |
| Nationwide Property and Casualty Insurance Company. | ) ) ) |
| Third-Party Defendant | ) ) |

Through this action, Plaintiff Nationwide Property and Casualty Insurance Company ("Nationwide") seeks a declaration that it has no obligation to pay claims which have been or may be made by any of the Defendants for fire damage to a house located at 7 Enlow Court, Columbia, South Carolina ("Property"). It is undisputed that the Property was damaged by fire on August 18,

2007, and that the fire was intentionally set. It is also undisputed that Nationwide issued a policy, effective August 2, 2007, covering the Property and listing Defendants Mark and Wendy Peters (husband and wife) as the owners and Defendant Luthi Mortgage ("Luthi Mortgage") as a Mortgagee.[1]

Nationwide maintains, nonetheless, that it has no obligation under the policy to pay claims to any of these Defendants or defaulted Defendant M&S Construction Company, LLC ("M&S Construction") which was an undisclosed co-owner of the Property.[2] For the reasons set forth below, the court agrees and grants Nationwide's motion for summary judgment in full as to Mark and Wendy Peters and Luthi Mortgage. It is unnecessary to address the motion for summary judgment against M&S Construction as default has been entered against that Defendant.

The court also denies Third-Party Defendant Great American Assurance Company's ("Great American") motion for summary judgment. Finally, the court directs Third-Party Plaintiff Luthi Mortgage and Third-Party Defendant Great American to brief whether Luthi Mortgage's third-party claims should be dismissed as not properly asserted under Fed. R. Civ. P. 14(a).

---

[1] The application for the policy was made by Mark Peters on July 27, 2007. As of that date, and as of the date of the fire, no Certificate of Occupancy had been issued for the Property which had been under construction by Mark Peters since late in 2004.

[2] Although Mark Peters listed himself as co-owner on the insurance application, the actual title to the Property was held jointly by Wendy Peters and M&S Construction.

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On August 8, 2009, the Magistrate Judge issued a Report recommending that Nationwide's motion for summary judgment be granted as to its claims against Defendants Mark and Wendy Peters and that it be denied as to the claims against Defendant Luthi Mortgage. Dkt. No. 134. The Report also recommended that Third-Party Defendant Great American's motion for summary judgment be granted.[3] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Only Nationwide has filed objections to the Report. *See* Dkt. No. 139. Luthi Mortgage and Great American have, however, filed responses to Nationwide's objections. *See* Dkt. Nos. 144 & 145.

The matter is now before the court for review of the Report. The Report is adopted to the extent it recommends that Nationwide's motions be granted. For reasons set forth below, however, the court declines to adopt the Report to the extent it recommends: (1) entry of summary judgment against defaulted Defendant M&S Construction; (2) denial of Nationwide's motion for summary judgment as to Defendant Luthi Mortgage; and (3) granting of Third-Party Defendant Great American's motion for summary judgment.

---

[3] Through this motion, Great American seeks a determination that it has no obligation to pay for damage to the Property under a force-placed builder's risk policy issued to Luthi Mortgage. This argument rests on a provision in Great American's policy which makes its coverage secondary to any coverage to which its insured, Luthi Mortgage, is entitled to under the Nationwide policy. Success on this argument, therefore, requires Great American to establish that Luthi Mortgage's losses, if any, as a result of the fire are covered under the Nationwide policy.

3

**STANDARD**

As to dispositive matters, the Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) ("[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

**DISCUSSION**

**I.      Defendant M&S Construction Company, LLC**

As noted in the Report, Defendant M&S Construction is in default. Dkt. No. 134 at 17 (referencing entry of default at Dkt. No. 89). It is not, therefore, necessary to address Nationwide's motion for summary judgment against this Defendant. Nonetheless, because it has some relevance to other rulings, the undersigned notes its agreement with the Report's conclusion that M&S Construction is not an insured under the Nationwide policy and would not, therefore, be entitled to recover under that policy for its losses even if it were not in default.

No party has objected to the Report's discussion of M&S Construction's rights under the policy or the related recommendation that summary judgment be granted against M&S Construction.

4

Finding no plain error in the conclusions in this section of the Report, the court adopts it to the extent relevant to any other motion for summary judgment. The court declines, however, to grant summary judgment against M&S Construction because that party was previously held in default and, therefore, had neither the motivation nor the right to oppose any subsequent motion. The court also declines to enter a separate default judgment against this party. *See* Dkt. No. 117.

## II.     Defendants Mark and Wendy Peters

The Report recommends that Nationwide's motion for summary judgment be granted as to Defendants Mark and Wendy Peters. No objection has been filed challenging this recommendation or any of the subordinate conclusions including, *inter alia*, that (1) these Defendants were properly served with the motion (through their then-counsel), (2) Nationwide was entitled to rescind the policy as to these Defendants, (3) Mark Peters had no insurable interest in the Property because he held neither an ownership interest nor had any obligation on any loan related to the Property, and (4) Wendy Peters, though she had an insurable interest, was not an insured because she never resided on the Property.

The portion of the Report relating to Nationwide's motion for summary judgment as to Mark and Wendy Peters is, therefore, reviewed for clear error. Finding no clear error, the court adopts the Report as to this motion and its subordinate conclusions listed above. The court, therefore, grants Nationwide's motion for summary judgment that it has no obligation to either Mark or Wendy Peters under its insurance policy.[4]

---

[4] Even were the matter reviewed *de novo,* the court would reach the same conclusion for the reasons stated in the Report. As to Nationwide's right to rescind the policy, the court notes the uncontradicted evidence that Mark Peters made numerous, clearly intentional material misrepresentations in his application for the policy, only some of which were known to Nationwide when it wrote Mark Peters and Luthi Mortgage on August 9, 2007, advising that the policy would be cancelled effective September 13, 2007.

5

## III.     Defendant Luthi Mortgage Company

The Report recommends denial of Nationwide's motion for summary judgment that it owes no obligations to Defendant Luthi Mortgage. Nationwide objects to this recommendation and several subordinate conclusions. Luthi Mortgage and Great American have responded to Nationwide's objections.

Having carefully reviewed the Report, Nationwide's objections, and the two responses, the court concludes that Nationwide's motion for summary judgment should be granted for the reasons set forth in Nationwide's objections including, most critically, that Luthi Mortgage was not a mortgagee of either Mark or Wendy Peters.[5] Mark Peters' listing of Luthi Mortgage as the mortgagee, therefore, has no more effect than it would if Luthi Mortgage was the mortgagee on a paid-off mortgage or was listed as an intended mortgagee when no loan was subsequently made or mortgage entered.[6] *See* Nationwide Policy p. E3 ("If a mortgagee is named in this policy, a loss payable . . . will be paid to the mortgagee and **you**, *as interests appear*.") (emphasis added).

South Carolina case law does not support a contrary result. The law in this state does preclude an insurer from avoiding coverage of the mortgagee's interests in an insured property based on the wrongful actions of the insured. *See Nationwide Mut. Ins. Co. v. Hunt*, 488 S.E.2d 339, 342-

---

[5] Mark Peters, the individual who applied for the policy, was not an owner–having affirmatively avoided any ownership interest in order to avoid judgments and other creditors. Wendy Peters was an owner, but only of a one half interest. She was not, however, obligated under any mortgage to Luthi Mortgage. The mortgage relationship was, instead, between Luthi Mortgage and M&S Construction, which owned the other half interest in the property.

[6] The latter circumstance is not too far afield from what occurred here given that Mark Peters falsely represented to Nationwide that he had a mortgage closing scheduled for August 2, 2009. By listing Luthi Mortgage as the mortgagee on the application, he further represented that Luthi Mortgage was the intended mortgagee. Of course, no closing occurred on August 2, 2009, because none was ever scheduled. The only mortgage at issue here is the December 15, 2005 mortgage between Luthi Mortgage and M&S Construction.

6

43 (S.C. 1997) (reaffirming South Carolina's adoption of the majority rule that a "mortgagee may recover under standard mortgagee clauses despite the insured's misconduct" and noting that, under South Carolina law, a standard "mortgage clause constitutes an independent agreement between the insurance company and the mortgagee" which cannot be invalidated by any act or neglect by the insured property owner). Nationwide does not, however, seek to avoid coverage as to Luthi Mortgage based on Mark Peters' various misrepresentations. Instead, it relies on the absence of any mortgage between Luthi Mortgage and either of the Peters. Nothing in *Hunt* changes the basic requirement that such a relationship exist before a mortgage clause has any effect. *See id.* at 342 (quoting *Fort Hill Fed. Sav. & Loan Ass'n v. South Carolina Farm Bureau Ins. Co.,* 316 S.E.2d 684, 687 (S.C. Ct. App. 1984) ( "A mortgagee's rights under a fire insurance policy are dependent upon the existence of a secured debt owed the mortgagee by the mortgagor-insured; to this extent the mortgagee cannot be independent of the insured.")).[7]

Neither do policy concerns require any different result. Here, Luthi Mortgage held a mortgage against M&S Construction. That mortgage required M&S Construction to maintain a builder's risk policy. When M&S Construction failed to maintain such a policy, Luthi Mortgage protected its interest by force-placing a replacement policy through Great American. There is no suggestion that Luthi Mortgage ever relied on the Nationwide policy. This is demonstrated, in part,

---

[7] The only suggestion of a possible mortgage running between Luthi Mortgage and either of the Peters is found in the deed conveying one-half interest in the Property from M&S Construction to Wendy Peters. The consideration clause of this deed refers to Wendy Peters' "Partial Assumption of Existing Construction Lien." The lien itself and lienholder are not identified. Neither is the degree of assumption of the lien or the underlying amount. In any event, there is no suggestion that Luthi Mortgage agreed to any assumption of M&S Construction's obligations by Wendy Peters, particularly given that it was unaware of the underlying conveyance at least until it commenced foreclosure proceedings in January 2007. *See infra* n. 8. Thus, at most the consideration clause in the deed created an obligation running between Wendy Peters and M&S Construction, not between Wendy Peters and Luthi Mortgage.

by testimony of the Luthi Mortgage employee responsible for insurance who testified that she was surprised when she received notice of the Nationwide policy in August 2007 because she did not know who the Peters were.

Neither is there any evidence that Luthi Mortgage ever looked to Wendy Peters as a mortgagor or otherwise obligated on the mortgage.[8] Luthi Mortgage, in fact, claims to have been unaware of Wendy Peters' "repurchase" of a one half interest in the Property on January 7, 2006, although such a purchase would not have raised any concerns.[9] Luthi Mortgage apparently remained unaware of the Peters' involvement until at least January 25, 2007, when it instituted foreclosure proceedings and, at that point, named Wendy Peters as a Defendant.[10]

In light of the above, the court grants Nationwide's motion for summary judgment as to Luthi Mortgage. This resolves the declaratory judgment claim by Nationwide and Luthi Mortgage's counterclaim.[11]

---

[8] In his deposition, Perry Luthi, owner of Luthi Mortgage, testified that he did not know who Wendy and Mark Peters were prior to the fire, and that, to his knowledge, neither had obtained a loan from or given a mortgage to Luthi Mortgage. Perry Luthi Dep. at 45-46; *see also* Laoria Murphy Dep. at 34 (stating that, to her knowledge, Wendy Peters never promised to pay Luthi Mortgage any money under the note secured by the mortgage on the Property).

[9] Perry Luthi testified that he could not recall being aware of M&S Construction's transfer of a one half interest in the Property to Wendy Peters but stated that he would not have had a problem with such a transfer so long as Luthi Mortgage kept its first-secured position. Luthi Dep. at 90.

[10] Presumably, Luthi Mortgage's attorney learned of Wendy Peters' ownership interest while preparing the foreclosure papers. Although Luthi Mortgage as an entity is charged with this knowledge, its employees may not have had actual knowledge until a later time. *See supra* nn. 8-9.

[11] Even if the court were to conclude that Nationwide provided coverage of Luthi Mortgage's interest in the Property as mortgagee, it would not grant summary judgment in favor of Luthi Mortgage as recommended by the Report. This is because there are substantial questions as to the amount, if any, owed on the mortgage *by Wendy Peters* even if it is presumed that she became obligated to Luthi Mortgage through the consideration clause in the deed. In this regard, the court notes first that the clause in the deed does not identify the mortgagee, the amount of the mortgage,

**IV.    Third-Party Claim and Summary Judgment Motion**

Third-Party Defendant Great American's motion for summary judgment rests on the premise that it has no obligation to Luthi Mortgage because (1) Nationwide is obligated to cover Luthi Mortgage's loss in full; and (2) Great American's coverage is secondary to any coverage Nationwide owes to Luthi Mortgage given the "other insurance" provision of Great American's policy. Given the conclusion in the preceding section, that Nationwide has no obligation to Luthi Mortgage, it follows that Great American's motion for summary judgment must be denied.[12]

This resolves all claims other than the third-party claim running between Luthi Mortgage and Great American. **As to the third-party claim, the court directs Luthi Mortgage to brief the following issues no later than October 9, 2009**: (1) whether the third-party claim asserted by Luthi Mortgage is allowed under Fed. R. Civ. P. 14(a)(1); and, (2) whether, even if allowed initially, this court should retain jurisdiction over this claim now that the primary claims have been resolved. **Failure to file the required memorandum may result in dismissal of the third-party claim without prejudice.** Third-Party Defendant American General may file a memorandum by that same date either supporting or opposing this court's continued assertion of jurisdiction.

---

or the percentage of the lien assumed. Further, M&S Construction's owner conceded in his deposition that he never discussed the terms of the loan or lien with Wendy Peters. Cook Dep. at 29. The terms of the underlying loan transaction between Luthi Mortgage and M&S Construction are also sufficiently unusual to suggest that the full amount of the loan may not properly be considered a "construction lien" as to the Property. The unusual characteristics of the loan include its extraordinarily high interest rate (13.9%) and origination fee (4%), apparently required due to some prior loan-repayment problems by M&S Construction, as well as a substantial initial disbursement of the proceeds for repayment of *other debts to Luthi Mortgage*. It is not, in any event, clear that the full amount of the loan was ever disbursed.

[12] The Magistrate Judge reached the opposite conclusion on both points, concluding that Nationwide was obligated to cover Luthi Mortgage's losses and that Nationwide's coverage extinguished Great American's obligations to Luthi Mortgage in light of the "other insurance" provision in Great American's policy.

As to the first question, the court notes that Rule 14(a)(1) allows a third-party claim to be asserted by a defending party only against a "nonparty who is or may be liable to [the defending party] for all or part of the claim against it." Fed. R. Civ. P. 14(a). Because of the nature of this action (an action for a declaratory judgment that Nationwide has no obligation to Luthi Mortgage), there is no risk of any "claim against" Luthi Mortgage or liability running *from* Luthi Mortgage *to* Nationwide. It follows that Luthi Mortgage has no potential claim against Great American for derivative liability "for all or part of the claim against it." Thus, it is not immediately apparent that Luthi Mortgage's claim against Great American is properly asserted under Rule 14(a).

As to the second question, the court notes that this matter is before it pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 ("Act"). Jurisdiction under the Act is discretionary. *See, e.g., Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419 (4th Cir. 1998). The court requests briefing on whether proper exercise of that discretion warrants dismissal giving particular consideration to the following: (1) any doubts as to the propriety of the initial assertion of jurisdiction over the third-party claim; (2) the change of circumstances inherent in dismissal of the primary claims; (3) whether there is an independent basis for asserting subject-matter jurisdiction over the remaining third-party claim; and (4) whether the third-party claim is ripe for resolution.

## CONCLUSION

For the reasons set forth above, the court grants Nationwide's motions for summary judgment as to Defendants Mark Peters, Wendy Peters, and Luthi Mortgage. The court finds the motion for summary judgment as to Defendant M&S Construction moot in light of the entry of default against that Defendant. The court denies the motion for entry of a separate judgment against this Defendant. The court denies Third-Party Defendant Great American's motion for summary

judgment and directs Third-Party Plaintiff Luthi Mortgage to address the jurisdictional concerns referenced in Section IV above.

**IT IS SO ORDERED.**

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 28, 2009